IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DANIEL BROOKS, JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-3071 |
| FELICIA ELLIS, *et al.*, | § § | |
| Defendants. | § § | |

# ORDER

John Daniel Brooks, Jr., a convicted felon and parolee has filed suit under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the conditions of his parole. Pending before the Court is a motion in which Brooks seeks a temporary restraining order and a preliminary injunction. (Docket No. 5). For reasons that follow, the plaintiff's motion is denied at this time.

The Fifth Circuit has explained that "[a] temporary restraining order is a 'stay put,' equitable remedy that has as its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation." *Foreman v. Dallas County, Tex.*, 193 F.3d 314, 323 (5th Cir. 2000). A temporary restraining order or preliminary injunction "is typically granted during the pendency of a lawsuit to prevent irreparable injury that may result before a final decision on the merits." *Shanks v. City of Dallas, Tex.*, 752 F.2d 1092, 1096 (5th Cir. 1985).

Rule 65 of the Federal Rules of Civil Procedure governs the granting of preliminary

injunctions and temporary restraining orders. Under Rule 65(a)(1), no preliminary injunction may be issued unless the adverse party has notice. *See Harris County, Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 326 (5th Cir. 1999). "Compliance with Rule 65(a)(1) is mandatory." *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir. 1992). A temporary restraining order may be granted without notice only if the requesting party makes a clear showing that immediate and irreparable injury, loss, or damage may occur and that efforts have been expended to give notice to the adverse party. *See* FED. R. CIV. P. 65(b). Furthermore, the requesting party must give security in the amount the court deems proper, unless the party is the United States or one of its officers or agencies. *See* FED. R. CIV. P. 65(c).

The motion for a preliminary injunction contains no certificate of service showing that the plaintiff has served his motion on any of the defendants. Moreover, it is not clear that plaintiff has met the other requirements for injunctive relief. "To obtain a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest." *Planned Parenthood of Houston & Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). Emphasizing its extraordinary character, the Fifth Circuit has cautioned that

a preliminary injunction "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *PCI Transportation Inc. v. Fort Worth & Western Railroad Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (citations omitted).

Officials of the Texas Board of Pardons and Paroles are the primary defendants here. Brooks has filed suit against Parole Officers Felicia Ellis, John Alexis, Keith Johnson, and Janette Simeon alleging that they have falsified his records and have subjected him to false arrest. He has also sued Rissi Owens, Chairperson of the Texas Board of Pardons and Parole and Theophilus A. Natter, a therapist. Brooks, who is wheel-chair bound, complains that he has been subjected to unreasonable conditions of parole including requirements that he attend sex offender counseling.[1] Brooks alleges that he is physically unable to comply with the requirements and contends that any attempt to comply would subject him to risk of injury or death.

The Texas Parole Board is authorized to impose sex offender conditions such as mandatory counseling sessions on individuals who have been convicted of sex crimes, including aggravated rape,. *See Meza v. Livingston*, 607 F.3d 392, 401-402 (5th Cir. 2010) (citing *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7–8 (2003); *Jennings v. Owens*, 602 F.3d 652 (5th Cir.2010)). After careful consideration of the pleadings and the motion, the

---

[1] Harris County District Court records indicate that Brooks was convicted of attempted capital murder and aggravated rape. *State v. Brooks*, Nos. 03300630101, 031707401010 (263rd Dist. Ct., Harris County). *See* Harris County District Clerk Website, www.hcdistrictclerk.com.

Court concludes that Brooks has not clearly carried his burden of persuasion on the first element required for preliminary injunctive relief because difficult questions of law and fact create sufficient doubt regarding the probability of his success on the merits. Further, because Brooks's allegations are conclusory, the Court is not sufficiently persuaded that irreparable harm will ensue if an injunction is not granted.

Therefore, it is **ORDERED** that his motions for a temporary restraining order and for preliminary injunctive relief (Docket No. 5) is **DENIED** at this time. The Court will reconsider Brooks's request for injunctive relief at a later time, if appropriate, after the Court completes the screening process under 28 U.S.C. § 1915(e).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on Oct. 27, 2014.

GRAY MILLER
UNITED STATES DISTRICT JUDGE

4